UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DEBORAH LAUFER )<br>    Plaintiff. )<br>)<br>v. )<br>)<br>NEWPORT HOTEL GROUP, LLC )<br>    Defendant. ) | C.A. No.: 1:20-cv-00422-JJM-PAS |

## DEFENDANT'S RULE 42(a)(1) MOTION

Now comes the defendant Newport Hotel Group, LLC ("Newport") and moves pursuant to Rule 42(a)(1) of the Federal Rules of Civil Procedure to join/consolidate for the purposes of hearing, the filed/pending Motion to Dismiss for lack of standing filed in this action to a similar pleading now filed/pending in Saim Sarwar v. Newport Hotel Group, LLC CA. No. 1:21-cv-10. As grounds for its Motion, Newport relies upon the arguments set forth herein and avers that the two pending Motions involve common question of law or fact and further that consolidation will avoid unnecessary cost and delay.

## FACTS/BACKGROUND

This matter arises out of the operation by Newport of a hotel in Middletown, Rhode Island (the "Hotel") and its website for the Hotel. Plaintiff and serial litigant Deborah Laufer is a resident of Florida who claims to be a disabled wheelchair user in her Complaint filed in this Court (the "Complaint"). She alleges that the Hotel's website does not comply with the Americans with Disabilities Act, and specifically 28 C.F.R. § 36.302(e)(1), because third-party websites through which reservations can be made – specifically, expedia.com, hotels.com, Travelocity.com, reservationcounter.com, getaroom.com, lol.travel/us.com, agoda.com, cheaptickets.com, and booking.com - do not provide everything that is required under the regulation, including in some instances failing to identify the accessible features of the Hotel and failing to provide an option for

4837-1061-2700.1

booking an accessible room. While Plaintiff avers that she intends to revisit the online reservation systems in the future to test for compliance, she does not allege any intent to make a reservation or visit the Hotel, much less to travel from Florida to Rhode Island now or in the future. Nevertheless, she claims that the supposedly noncompliant third-party websites deprive her of the full and equal enjoyment of Newport's good, services, facilities, privileged and accommodations available to the general public and seeks injunctive relief and attorneys' fees.

In Saim Sarwar v. Newport Hotel Group, LLC CA. No. 1:21-cv-10, the Plaintiff – another serial litigant represented by the same counsel as Laufer - Saim Sarwar has brought suit with a near-identical complaint containing the same allegations and prayers for relief as Laufer as to another hotel operated by Newport, this one in Bristol, Rhode Island.

## **STANDARD OF LAW**

Federal Rule of Civil Procedure 42(a) provides

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

It would appear that the standard or analysis for consolidating cases or any portion or proceeding in cases is the same. In deciding whether to consolidate, "[t]he threshold issue is whether the two proceedings involve a common party and common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate*." Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (internal citations omitted).

## **ARGUMENT**

The two serial litigants in the actions the Defendant seeks to consolidate for the purposes of adjudication of pending Motions to Dismiss bring identical claims as 'ADA Testers' with virtually word-for-word identical Complaints. They are both Florida residents who assert that they are disabled; they are represented by the same counsel and, as set forth in the respective Motions to Dismiss, they have each filed hundreds of 'ADA tester' cases pertaining to hotel websites around the United States. They have now sued the same Defendant who now seeks dismissal of both Complaints under Rule 12(b)(1) for lack of Article III standing. Consequently, Defendant can make out the threshold showing of common parties, fact and law such that this Court may exercise its discretion to consolidate the pending Motions to Dismiss for adjudication. In exercising that discretion, the Court should "consider both equity and judicial economy; efficiency cannot prevail at the expense of justice." *Wai Feng Trading Co. v. Quick Fitting, Inc.*, 2014 U.S. Dist. LEXIS 117251, *12 (D. R.I. 2014). Here, there is zero prejudice to any party and considerations of equity, efficiency and judicial economy all weigh in favor of consolidating the two matters for the purposes of Hearing and adjudicating the respective Motions to Dismiss which seek dismissal of virtually identical Complaints of two serial litigants represented by the same counsel.

**WHEREFORE**, NEWPORT HOTEL GROUP, LLC respectfully requests that its Motion be GRANTED together with such other and further relief as this Honorable Court finds just.

                                                          DEFENDANT,
                                                          NEWPORT HOTEL GROUP, LLC
                                                          By its Attorneys,

                                                           */s/ Samuel Kennedy-Smith, Esq.*
                                                          Samuel Kennedy-Smith, Esq. (#8867)

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
One Citizens Plaza, Suite 1120
Providence, RI 02903
Tel:  (401) 406-3310
Fax:  (401) 406-331

## **CERTIFICATION**

    I, Samuel Kennedy-Smith, counsel for Defendant, Newport Hotel Group, LLC, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 12th day of February, 2021.

*/s/ Samuel Kennedy Smith*
